The document below is hereby signed.

Signed: May 11, 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DONETELLO KELLEY, | ) | Case No. 20-00007 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DISMISSING DEBTOR'S MOTION TO REDEEM PROPERTY

The debtor has filed a *Motion to Redeem Property* (Dkt. No. 19) wherein he seeks to redeem his 2011 Dodge Durango pursuant to 11 U.S.C. § 722. The *Motion* is defective for several reasons, and, accordingly, will be dismissed.

The debtor's motion is procedurally defective. First, LBR 9013-1(b)(3) requires the filing and service with a motion of a notice of the opportunity to oppose the motion. Second, because the motion initiates a contested matter, Fed. R. Bankr. P. 9014 requires that it be served as provided by Fed. R. Bankr. P. 7004. Rule 7004(b)(3) provides for service:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to

> receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

The debtor attached the mailing matrix to his motion, but mailing the *Motion* to the creditor itself does not suffice to satisfy Rule 7004(b)(3). Third, LBR 5005-3 requires a party to include a certificate of service certifying the recipients, date, and manner of service, and in the case of a non-attorney signing the certificate of service, LBR 5005-3 requires an affidavit or a certificate under penalty of perjury pursuant to 28 U.S.C. § 1746 which identifies the signer.[1] Finally, the motion includes no proposed order as required by LBR 9072-1. Accordingly, the debtor has failed to follow the rules of motion practice applicable in this court.

Moreover, even with the appropriate notice and proper service, the court would not be able to grant the motion on the papers because the debtor has not established the extent of the secured creditor's allowed secured claim. Under § 722:

> An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been

---

[1] The debtor's certificate of service was undated and was not an affidavit or a 28 U.S.C. § 1746 statement. It did not reflect service with the motion of a notice of opportunity to oppose the motion, and did not reflect service complying with Rule 7004(b)(3). Service by first class mail suffices; service by priority first class mail is not required.

>     abandoned under section 554 of this title, by paying the
>     holder of such lien the amount of the allowed secured
>     claim of such holder that is secured by such lien in full
>     at the time of redemption.

The extent of an allowed secured lien is governed by 11 U.S.C. § 506(a)(2), which provides that the value of "personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing" and requires using "the price a retail merchant would charge for the property . . . ." The debtor's *Motion* relies on the fair market value of the vehicle, but the debtor does not indicate whether the fair market value is based on retail merchant sales (versus private sales) and does not indicate whether the valuation was as of the date of the petition or some other date.

    In addition, the debtor represents in the *Motion* that he "has obtained an estimate through Kelly [sic] Blue Book and believes the fair market value of the property to be $7,677.00." However, he does not attach the Blue Book valuation page, and he has failed to disclose any adjustments for condition he made to the Blue Book value. Accordingly, the court would not have been able to rule on the merits of the *Motion* without further evidence. Moreover, the *Motion* then states: "The amount of the allowed secured claim of said creditor has been or should be fixed by the Court as the sum of $10,747.00." He offers no explanation of the inconsistency between $7,677.00 and

$10,747.00.

For all these reasons, it is

ORDERED that the debtor's *Motion to Redeem Property* (Dkt. No. 19) is DISMISSED without prejudice to the debtor filing an amended motion to redeem property that establishes the replacement value of the 2011 Dodge Durango at the time of the petition date and is properly served pursuant to Fed. R. Bankr. P. 9014 and 7004 and  LBR 9013-1(b)(3).

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings;

Educational Systems Federal Credit Union
7500 Greenway Center Drive
Greenbelt, MD 20770